UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10035 GAO

)
PAINTERS & ALLIED TRADES )
DISTRICT COUNCIL NO. 35 )
    Plaintiff, )
)
v. )   C.A. No.
)
)
)
SENICES PAINTING CORP. )
    Defendant. )
)

RECEIPT # ___
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 1/6/05

COMPLAINT

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Painters & Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and their allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, Senices Painting Corp., is an employer within the meaning of 29 U.S.C. §152(2) and §185, conducts business in this judicial district and has its principal place of business in Hyde Park, Massachusetts.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties.

7. Following a hearing in Boston, Massachusetts on the Plaintiff's grievance, of which the Defendant was given notice and appeared, the Joint Trade Board duly issued an award on September 2, 2004 sustaining Plaintiff's grievance against the Defendant and awarding Plaintiff and its affiliated funds the amount of $209,805.86 and ordered the Defendant to provide payment of that amount within ten (10) days of receipt of that letter. (Attached hereto as Exhibit "A"). Defendant received the Joint Trade Board Award on September 3, 2004.

8. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's award.

9. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

10. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant:

a. ordering Defendant to pay the Joint Trade Board the amount of $209,805.86 with pre-judgment interest from ten days after the receipt of the Award as provided for in the collective bargaining agreement;

b. ordering the Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

c. awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

Plaintiff,
Painters & Allied Trades District Council No. 35,
By its attorney,

_____
Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: January 5, 2005

Chairman - Secretary
**Thomas J. Gunning**
PFEANE, Inc.
GEANE, Inc.

NEW ENGLAND

*PAINTING, FINISHING & GLAZING INDUSTRIES*

*DC 35 Joint Trade Board*

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

Treasurer
**Ralph Harriman**
District Council No. 35

CERTIFIED MAIL

**DC-22**

September 2, 2004

Miguel Senices
Senices Painting Corp.
911 Hyde Park Avenue
Hyde Park, MA 02136

Dear Mr. Senices:

    This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on August 31, 2004. You appeared on behalf of the Company in your capacity as its owner. Painters & Allied Trades District Council No. 35 submitted the charges to the Board.

    Bill Doherty, DC No. 35 Bus. Representative presented the evidence supporting the charges.

    Mr. Doherty testified that the charges against the Company involved violations of the agreement, specifically Article XII; Work Preservation, Sections 1 and 2.

    Mr. Doherty testified that charges were brought because the Company used a non-union entity to perform painting work on the Sterling Medical Center job in Waltham, MA. Mr. Doherty testified that Mr. Senices told him that he "had to create a non-union company [Senices Colors, Inc.] to get the work". Mr. Senices admitted that he assisted in the formation of the non-union company and was one of its corporate officers and that he submitted the bid to the general contractor on behalf of the non-union company. He also admitted that he "ran" the Sterling Medical Center job until the Union started investigating and visiting the job site. Mr. Doherty testified that when he visited the job site on August 16, 2004 he observed six non-union painters performing work. Several Board members stated that many of the contractors, including the glazier contractor, were union companies.

    Mr. Senices informed the Board that the contract price for the job was $487,000.

Tel: 617/479-0220

1400 Hancock Street
Quincy, MA 02169

Fax: 617/479-1478

Based upon the evidence, the Board unanimously voted that Senices Painting Corp. [a/k/a Miguel Senices Painting Contractor] had violated Article XII; Work Preservation, Sections 1 and 2 of the collective bargaining agreement when it assisted in the formation of the non-union company Senices Colors, Inc., prepared and submitted the bid on the Sterling Medical Center job and performed the work covered by the collective bargaining agreement. Utilizing its standard formula that labor costs represent 40% of the contract price, the Board determined that the cost for wages and benefits was $194,800. Taking the Zone 2 rate of $41.53 [$25.71 for wages and $15.82 for fringes], the Board concluded that 4,690 hours were to be worked on the job by the non-union company. The Board therefore determined that the Company owed $120,579.90 for wages and $74,195.80 for fringe benefit contributions.

In addition, the Board voted that the Company be required to pay 20% liquidated damages on the unpaid and delinquent fringe benefits [$14,839.16] and an administrative fee of $200. Therefore, a check in the amount of $209,805.86, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, should be mailed to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169 within ten (10) days following the receipt of this Award.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

The Board voted unanimously for the findings, conclusions and award set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

Thomas J. Gunning
Chairman/Secretary

Enclosure

cc: Ralph Harriman, Business Manager
    Sharon Saganey, Funds Administrator
    Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.
    William Doherty, Bus. Representative
    Painters & Allied Trades District Council No. 35

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Painters & Allied Trades District Council No. 35 v. Senices Painting Corp.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [XX]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.
ADDRESS  177 Milk Street, Boston, MA 02109
TELEPHONE NO.  617-338-1976

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Painters & Allied Trades District Council No. 35

**DEFENDANTS**

Senices Painting Corp.

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109   617-338-1976

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |  |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 890 Other Statutory Actions |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

enforcement of arbitration award pursuant to §301 of the Labor Management Relations Act 29 U.S.C. §185

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 209,805.86

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  Jan 5, 2005

SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael A. Feinberg

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____